UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                               )
JEAN BAPTISTE MECCA,                           )
                                               )
        Petitioner,                            )
                                               )
v.                                             )        Civil No. 12-12015-JLT
                                               )
RONALD P. CORBETT, JR., et al.,                )
                                               )
        Respondents.                           )
_____)


REPORT AND RECOMMENDATION ON RESPONDENTS'
MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

January 15, 2013

SOROKIN, C.M.J.

        Petitioner Jean Baptiste Mecca, currently on probation following a state prison sentence,

has filed a counseled petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The

Respondents have moved to dismiss the petition, arguing it was filed the day after the applicable

one-year limitation period expired.  Doc. Nos. 12, 13, 15.  Because the Respondents' view of the

limitation period is inconsistent with the plain language of 28 U.S.C. § 2244(d)(1) and the

decisions of other courts that have considered the question under analogous circumstances, I

recommend the motion to dismiss be DENIED.

I.      BACKGROUND

        Mecca was convicted by jury in the Suffolk Superior Court on October 23, 2008.  Doc.

No. 1 at 1.  He was sentenced the following day to two-to-two-and-a-half years in state prison,

followed by three years of probation.  Id.  His timely direct appeal was stayed at his request so

that he could pursue a post-conviction motion for a new trial.  Doc. No. 12-1 at 10.  When the trial court denied that motion, the appeal was reopened.  Id. at 11; Doc. No. 12-2.  On June 13, 2011, the Massachusetts Appeals Court affirmed both Mecca's conviction and the denial of his post-conviction motion.  Doc. No. 1 at 2; Doc. No. 12-2.  Mecca's request for further review by the Supreme Judicial Court was denied on July 28, 2011.  Doc. No. 1 at 2; Doc. No. 12-2.

On October 26, 2012, Mecca filed the instant habeas petition.  Doc. No. 1.  In lieu of an answer, the Respondents have moved to dismiss the petition, arguing it was untimely.  Doc. No. 12.  The Court ordered supplemental briefing from the Respondents to further explain their view of the limitation period and its application here, Doc. No. 14, and they have now filed an additional memorandum of law.  Doc. No. 15.

II.    DISCUSSION

The Respondents' motion in this case turns on how the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which governs Mecca's petition, applies during a leap year.  According to the Respondents, the limitation period always expires 365 days after the date on which a petitioner's conviction becomes final.  I disagree, as have numerous other federal courts.

The AEDPA provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."  28 U.S.C. § 2244(d)(1).  That period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."  Id. at §

2244(d)(1)(A).[1]  Where a petitioner pursues his direct appeal to the state's highest court, but does

not petition the United States Supreme Court for review, his conviction becomes final when the

time for seeking certiorari expires, or ninety days after the ruling by the state's highest court.  See

Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012); Sup. Ct. R. 13(1).

The Respondents agree that Mecca's conviction became final ninety days after the

Supreme Judicial Court's July 28, 2011 denial of review, or on October 26, 2011.  See Doc. No.

13 at 1.  Mecca filed his habeas petition on the anniversary of that date – October 26, 2012.  Doc.

No. 1.  However, because 2012 was a leap year, that anniversary came 366, rather than 365, days

after Mecca's conviction became final.  Interpreting the "1-year period of limitation" specified in

§ 2244(d)(1) as always including only 365 days, the Respondents argue that Mecca filed his

petition one day too late.  Doc. Nos. 12, 13, 15.

The Respondents' argument, however, ignores the fact that Congress opted to express the

AEDPA's limitation period in terms of years, not days.  In light of this fact, "[e]very federal

circuit that has addressed the issue has concluded that . . . the 'anniversary' method . . . applies to

the AEDPA's one-year limitation period."  Espinoza v. Lopez, 2012 WL 2995475, at *2 (E.D.

Cal. July 23, 2012) (citing cases); see Rogers v. United States, 180 F.3d 349, 355 & n.13 (1st Cir.

1999) (noting that limitation periods expressed in years end on the anniversary of their start date).

This method is not altered – and, indeed, has been explicitly and sensibly endorsed – regardless

of whether the year involved contains 365 or 366 days:

[W]hat matters is establishing an unequivocal rule that lets litigants know where

---

[1]In certain circumstances not relevant here, the limitation period may be triggered by
certain other dates after the conclusion of direct review, or may be subject to tolling.  See §
2244(d)(1)(B)-(D), (2).

3

> they stand and spares judges from becoming enmeshed in such nitpicking . . . .
> [T]he anniversary date is clear and predictable and therefore easier for litigants to
> remember, for lawyers to put in their tickler files, and for courts to administer . . . .
> The anniversary date will be the last day to file ***even when the intervening period
> includes the extra leap year day***.

United States v. Marcello, 212 F.3d 1005, 1009-10 (7th Cir. 2000) (emphasis added); see

Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Marcello and agreeing that "the

'anniversary method' . . . has the advantage of being easier for petitioners, their attorneys and the

courts to remember and apply"); see also United States v. Hurst, 322 F.3d 1256, 1260-62 (10th

Cir. 2003) (applying anniversary rule to a leap year); Lopez v. Lee, 2011 WL 6068119, at *5 n.6

(E.D.N.Y. Dec. 7, 2011) (same).[2]

Accordingly, the "anniversary method" applies in all cases, including those involving leap

years.  It is simple, clear, predictable, and applied by most – if not all – federal courts in this

context.  Pursuant to that method, Mecca's petition, filed on the anniversary of the date on which

his time for seeking certiorari expired, is timely.

---

[2]The cases upon which the Respondents rely to support their view that "one 'year' means
365 days," Doc. No. 15 at 2, did not require consideration of leap years, and involved the more
complicated question of how to calculate the AEDPA limitation period where periods of
statutory tolling are involved and the expiration date is not simply the anniversary of the start
date.  See, e.g., Patterson, 251 F.3d at 1247 (finding statutory tolling based on a pending state
post-conviction petition, and not involving a leap year in any event); Stokes v. Miller, 216 F.
Supp. 2d 169 (S.D.N.Y. 2000) (same).

III.    <u>CONCLUSION</u>

For the foregoing reasons, I respectfully recommend the Respondents' motion to dismiss

Mecca's habeas petition be DENIED.[3]

____/s/ Leo T. Sorokin_____

Leo T. Sorokin

Chief U.S. Magistrate Judge

---

[3]The parties are hereby advised that any party who objects to these proposed findings and recommendations must file a written objection thereto within fourteen days of receipt of this Report and Recommendation.  The written objections must identify with specificity the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  <u>See</u> Fed. R. Civ. P. 72; 28 U.S.C. § 636(b); Habeas Corpus Rule 8(b).  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to file timely objections will preclude further appellate review of the District Court's order based on this Report and Recommendation.  <u>See</u> <u>Keating v. Sec'y of Health & Human Servs.</u>, 848 F.2d 271 (1st Cir. 1988); <u>United States v. Valencia-Copete</u>, 792 F.2d 4 (1st Cir. 1986); <u>Scott v. Schweiker</u>, 702 F.2d 13, 14 (1st Cir. 1983); <u>United States v. Vega</u>, 678 F.2d 376, 378-79 (1st Cir. 1982); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>, 616 F.2d 603 (1st Cir. 1980); <u>see also</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985).